**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 4:06cr23

JOHNNY LEE CHAVIS, JR.,

       Defendant.

<u>ORDER</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on February 27, 2006, on the United States Government's Motion to Detain the defendant. The Court FINDS that the following facts mandate the defendant's detention pending his trial.

On February 15, 2006, a federal grand jury issued an indictment charging the defendant with seven (7) criminal counts: one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance, and five (5) kilograms or more of cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); one count of possession with intent to distribute approximately 119.28 grams of cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); one count of possession with intent to distribute approximately three (3) ounces of cocaine, a Schedule II narcotic controlled substance, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and four (4) counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The defendant having been indicted, a presumption in favor of detention applies in this case because one or more of the charged offenses involves a violation of the Controlled Substances Act, 21 U.S.C. §§ 801-864, with a maximum prison term of more than ten years. See 18 U.S.C. § 3142(e).

Both the Government and defendant, by counsel,[1] proceeded by proffer of evidence and witness testimony, and each offered argument. The Court, having taken into consideration the proffers of counsel, the witness testimony, the Pretrial Services Report, the grand jury indictment of February 15, 2006, and the statutory presumption in favor of detention,[2] FINDS by clear and convincing

---

[1] The Court notes that at the outset of the hearing, the defendant's court-appointed counsel, Mr. Ellenson, reported to the Court his client's apparent dissatisfaction with his services, and invited the Court to allow the defendant to express those sentiments in open court. However, because Mr. Ellenson advised the Court that he was able to communicate effectively with his client, the Court declined to do so. See Morris, v. Slappy, 461 U.S. 1, 13-14 (1983); see also U.S. v. Burns, 990 F.2d 1426, 1437-38 (4th Cir. 1993). Subsequently, the detention hearing was conducted without incident, and the defendant was observed to participate fully through discussions with counsel during the course of the hearing.

[2] The Court notes that the defendant did proffer evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether the defendant should be detained. United States v. Dillon, 938 F. 2d 1412, 1416 (1st Cir. 1991) (holding that "rebutted presumption retains evidentiary weight").

evidence that the defendant is a danger to the community and FINDS by a preponderance of the evidence that he represents a risk of flight.  The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community and the defendant's appearance for future proceedings.

The Court considered the nature and seriousness of the charges faced by the defendant.  The allegations of defendant's misconduct involve the trafficking of large amounts of crack cocaine and cocaine as well as the use of firearms in the furtherance of the drug trafficking, which the Court deems serious.  If convicted on evidence beyond a reasonable doubt at trial, the defendant faces maximum penalties of life imprisonment and a fine in excess of four (4) million dollars on the various charges.

The weight of the evidence against the defendant is strong. The Government has proffered evidence of testimony by three (3) cooperating witnesses in support of the various allegations against this defendant, and the Court notes that such testimony is highly detailed and specific as to the defendant's conduct and independently corroborated. According to the Government's proffer, the cooperating witnesses, if called to testify, would identify the defendant as being involved in a number of controlled drug transactions from 2002 to 2004, which also involved instances where the defendant would cook cocaine powder to form crack cocaine,

which he would then sell. The Government's witnesses would also testify that the defendant used firearms in furtherance of, and as part of, various drug transactions, including altercations over debts arising out of drug transactions.

The Court next considered the personal history and characteristics of the defendant. The defendant does have ties to this community, having lived in Hampton, Virginia with various family members from birth until June 2005. According to the Pretrial Services Report, the defendant stated that since June 2005 he has lived with his father and grandmother in Aulander, North Carolina, which is apparently a two-hour drive from the Hampton Roads area. The Court notes the defendant's grandmother, who was proposed as a third-party custodian, testified that the defendant has lived with her since October 2005 and that she would be able to monitor the defendant's whereabouts. The defendant stated that he works at the Purdue factory in Lewiston, North Carolina, a position he has held since October 2005, and that he earns $800 net per month. The Court notes that the defendant's immediate supervisor was in attendance at the hearing. The defendant has stated that he has no assets, other than $36 in cash, and his monthly liabilities total $480.

The Court notes the defendant's criminal history, which includes several misdemeanor convictions for failure to appear, eluding police, driving with a suspended license and reckless

4

driving.  The defendant is also currently facing two state charges for possession of cocaine (felony) and possession of a concealed weapon (misdemeanor).  The Court is very troubled by the defendant's criminal history and numerous encounters with the criminal justice system.  In the past three years, there have been sixteen occasions in which state criminal charges brought against the defendant were nolle prossed.  The Government's witness, Detective Alba, of the Hampton Police, testified as to a number of incidents in which witnesses to crimes allegedly committed by the defendant either refused to testify at trial or later became recalcitrant or unavailable, despite having previously agreed to testify – allegedly as a result of threats made by or on behalf of the defendant.  Detective Alba also testified that the defendant is the leader of one of two competing factions of young males distributing cocaine in Hampton, Virginia, and that there have been a number of crimes of violence, many involving firearms, as a result of the animosity between those factions.

 The Court considers the defendant to pose a danger to the community due to his apparent involvement in the sale and distribution of drugs and his propensity for the use of firearms in the furtherance of these transactions.  The Court notes that the cost of having to defend against the charges facing him provides the defendant with an incentive to continue dealing drugs if released.  See United States v. Williams, 753 F.2d 329, 335 (4th

Cir. 1985) (noting that, due to the nature of the charges, the potential for pretrial recidivism exists in accused drug dealers).

The Court also considers the defendant to be a risk of flight given the significant penalties he faces and considering his prior convictions for eluding police and for failure to appear. Without suggesting a finding as to guilt or innocence, the Court notes that the Government has proffered detailed evidence of the crimes alleged. If convicted at trial upon evidence beyond a reasonable doubt, the defendant faces a life sentence in prison and a substantial fine on the significant criminal charges. While the Court appreciates the efforts by the defendant's grandmother to arrange a third-party custodianship, as well the defendant's supervisor and other family members who made the effort to attend the hearing, the Court is not convinced this defendant is a suitable candidate for pretrial release. When combined with the weight of the evidence, the penalties faced by the defendant provide him with an incentive to flee if released. Accordingly, the Court concludes that the defendant poses a risk of flight.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that the defendant represents a danger to the community and FINDS by a preponderance of the evidence that he represents a risk of flight. The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community or the appearance of

the defendant. Given the substantial penalties the defendant faces, the Court doubts that even the most severe terms and conditions could secure his future appearance. The Court also doubts that the community could be adequately protected given the extent of the defendant's apparent involvement in the drug trade and his propensity for the use of firearms.

The Court, therefore, ORDERS the defendant DETAINED pending his trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (I)

the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant.

                                                                            /s/  
                                                               F. Bradford Stillman  
                                                               United States Magistrate Judge

Norfolk, Virginia

February 28, 2006